**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

EMMANUEL HERNANDEZ,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## **COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Emmanuel Hernandez, files his Complaint against Defendant, Harford Life and Accident Insurance Company, and states that:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Emmanuel Hernandez ("Mr. Hernandez"), is a citizen of the United States and was at all times relevant a participant of the long-term disability insurance policy at issue. Defendant, Hartford Life and Accident Insurance Company (hereinafter "Hartford" or "Defendant"), is the insurer and claims administrator of the long-term disability policy at issue, and is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.   FACTS

3.     At all times material to this action there was in full force and effect a group disability insurance policy for long-term disability benefits (the "long-term disability policy") constituting a binding contract of insurance between the parties. This policy was underwritten and administered by Defendant.

4.     At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5.     Mr. Martinez was employed with Flowers Independent Distributors Welfare Trust. By virtue of his employment, Mr. Martinez was an eligible participant of the long-term disability policy at all times material to this action.

6.     The purpose of the long-term disability policy was to provide Mr. Martinez a monthly benefit in the event that he became disabled ("long-term disability benefits").

7.     The long-term disability policy defines Disability, or Disabled, in pertinent part, as follows:

> *Disability or Disabled means You are prevented from performing one or more of the Essential Duties of:*
> 1. *Your Occupation during the Elimination Period*
> 2. *Your Occupation, for the 24 months following the Elimination Period, and as a result Your Currently Monthly Earnings are less than 80% of Your Indexed Pre-disability earnings; and*
> 3. *After that, Any Occupation*

8.     The long-term disability policy includes a mental illness limitation which stipulates:

> *Are benefits limited for Mental Illness or Substance Abuse?*
> *If you are Disabled because of:*
>         *1) Mental Illness that results from any cause;*
>         *2) Any condition that may result from Mental Illness;*
>         *3) Alcoholism; or*

> *4) The non-medical use of narcotics, sedatives, stimulants, hallucinogens, or any such substance; then, subject to all other provisions of The Policy, WE will limit the Maximum Duration of Benefits.*
>
> *Benefits will be payable:*
> *1) For as long as You are confined in a hospital or other place licensed to provide medical care for the disabling condition; or*
> *2) If not confined, or after you are discharged and still Disabled, for a total of 24 months for all such disabilities during your lifetime.*

9. Mr. Martinez's medical history includes, but is not limited to, degenerative disk disease, central annular tear with moderated herniation at L5-S1, foraminal stenosis, chronic low back pain, facet joint arthralgia, radiculopathy, post-traumatic stress disorder ("PTSD"), and bipolar disorder.

10. Mr. Martinez has been unable to perform the essential duties of any occupation and is unable to earn 80% or more of his Indexed Pre-Disability Earnings. Mr. Martinez is disabled under the terms of the long-term disability insurance policy.

11. Mr. Martinez was forced to discontinue working on or around April 14, 2015, as a result of his disability.

12. In accordance with the procedures set forth by the long-term disability policy, Mr. Martinez notified Defendant that he was disabled.

13. Defendant approved Mr. Martinez's claim and awarded long-term disability benefits effective April 25, 2017.

14. Defendant continued to pay Mr. Martinez's monthly disability benefits through May 28, 2020.

15. By letter dated May 12, 2020, Hartford terminated Mr. Martinez's benefits, suggesting that Mr. Martinez's disability was due to Mental Illness and therefore the maximum duration of long-term disability benefits was limited to the Mental Illness limitation.

16. Mr. Martinez timely appealed the termination of his long-term disability benefits.

17. By letter dated July 20, 2021, Defendant denied Mr. Martinez's appeal for long-term disability benefits.

18. Mr. Martinez exhausted his appeals under ERISA.

19. In terminating Mr. Martinez's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. The termination of Mr. Martinez's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21. Defendant's termination of Mr. Martinez's benefits breached the fiduciary duties owed to Mr. Martinez under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Martinez as a participant of the long-term disability policy.

### IV.   COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and further states that:

22. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

23. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24. Defendant has refused to pay the benefits sought by Mr. Martinez, ignoring the medical records and clear opinions of his treating physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and and further states that:

25. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI.   RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 25 as if fully stated herein and further states that:

26. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

27. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

28. Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Emmanuel Hernandez, prays for a judgment against Defendant, Hartford Life and Accident Insurance Company, for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 14th day of September, 2021.*

                                                */s/ Edward P. Dabdoub*
                                                Edward Philip Dabdoub (FBN. 45685)

eddie@longtermdisability.net
Kevin Schaefer (FBN. 123688)
kevin@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Emmanuel Hernandez*